MARGARET C. SHEEHEY v. THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN.

Submitted March 28, 1898—Decided June 13, 1898.

Under the charter of the city of Hoboken the common council is authorized to appropriate to such municipal purposes as it selects any surplus remaining out of the additional percentage of taxes levied by the assessors beyond the amount which the tax commissioners ordered to be assessed, and there is nothing in the supplement to the Crimes act approved February 7th, 1876 (*Gen. Stat.*, p. 1085), to interfere with such authority.

On application for a *certiorari*.

Before Justices DIXON and COLLINS.

For the motion, *Leon Abbett*.

*Contra, William D. Edwards.*

The opinion of the court was delivered by

DIXON, J.    The charter of the city of Hoboken, approved March 28th, 1855, enacts (section 43) that the people shall have power, at their annual charter election, to raise by tax for public purposes any sums of money not exceeding three mills on the dollar, and that the council shall appropriate, as

then directed by the people, all such moneys as have been so directed to be raised for the purposes mentioned in the charter, and that the expenditure of such moneys shall be confined to the objects for which they were directed and shall be appropriated to no other. It further enacts (section 44) that the several assessors shall, in addition to the whole amount of taxes authorized to be raised, assess such sum as will cover their own and the collector's fees and five per cent. additional upon the whole sum to be raised, to be applied to the supply of any deficiency by reason of losses of taxes not collectible and to defray the necessary expenses of collection, *the surplus, if any, to be applied to such purposes as the council may direct.*

By a supplement to the charter, approved April 6th, 1871, the power thus committed to the people was transferred to tax commissioners elected by the people, such commissioners being thereby authorized to fix the amounts of money to be raised by taxation for the current year for the purposes mentioned, and the tax ordinance being required to contain the amounts by them specified and directed to be raised.

By other supplements the limit of taxation, the percentage to be added by the assessors and the particular disposition to be made of such percentage are changed, but we find no law which alters the provision of section 44, that, after the several objects prescribed by statute have been met out of this percentage, " the surplus, if any, shall be applied to such purposes as the council may direct."

In December, 1897, such a surplus existed, resulting from the tax levied in 1895, and thereupon the council passed a resolution applying the same to various municipal purposes.

Motion is now made for a writ of *certiorari* to set aside that resolution, it being insisted that such resolution is in violation of the supplement to the Crimes act approved February 7th, 1876 (*Gen. Stat., p.* 1085), which forbids municipal boards " to disburse, order or vote for the disbursement of public moneys in excess of the appropriation respectively to any such board, or to incur obligations in excess

of the appropriation and limit of expenditure provided by law for the purposes respectively of any such board."

This, being a criminal statute, must not be extended beyond the plain import of its terms, and we discover nothing in its language which clearly indicates a design to take away from the council the discretion vested in it by the charter respecting the moneys now under consideration. On the contrary, we think those moneys, with authority to direct their particular application, enter into the appropriation and limit of expenditure provided by law for the council, and the council has the same right to disburse these moneys for the respective purposes to which it appropriates them as it has to disburse the moneys appropriated to it by other legal agencies.

Upon the facts disclosed before us we see no reason to question the legality of this resolution, and therefore the motion for a *certiorari* is denied, with costs.